# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MARK KILBOURN,

    Plaintiff,

v.                                CASE NO.  5:04cv153-RH/WCS

STONE CONTAINER CORPORATION,

    Defendant.

_____/

## ORDER EXTENDING DISCOVERY DEADLINE

Defendant has moved to exclude testimony by one of plaintiff's proposed experts, Ray A. Frederick, on the ground that plaintiff failed to serve timely expert disclosures for Mr. Frederick under Federal Rule of Civil Procedure 26(a)(2).[1] Defendant also has moved to extend the discovery deadline because of plaintiff's failure to make timely disclosures with respect to Mr. Frederick and other experts and failure to serve timely responses to other discovery responses. Plaintiff opposes the motion to exclude Mr. Frederick's testimony but does not oppose the

---

[1] Defendant's motion as originally filed also sought to exclude testimony of other experts. Defendant withdrew the motion with respect to experts other than Mr. Frederick and Dr. Barry S. Levy. Plaintiff announced it would not call Dr. Levy. The motion thus is contested only with respect to Mr. Frederick.

requested extension of the discovery deadline.

In opposing the motion to exclude, plaintiff admits he failed to make disclosures for Mr. Frederick by the initial deadline for plaintiff's disclosures under Rule 26(a)(2). Indeed, by that deadline plaintiff apparently had failed even to disclose Mr. Frederick's name, let alone to provide a report of his opinions or the other disclosures required by the rule. Plaintiff asserts, however, that Mr. Frederick's testimony is intended solely to contradict or rebut evidence on the same subject identify by defendant in its Rule 26(a)(2) disclosures. Plaintiff says that, under Rule 26(a)(2)(C), a party's disclosures with respect to testimony intended solely to contradict or rebut testimony of another party on the same subject may be made within 30 days after that other party's disclosures.

The magistrate judge has entered an order denying the motion to exclude Mr. Frederick's testimony on this basis. No review of that order under Federal Rule of Civil Procedure 72 has been sought, at least to this point, but the issue is addressed further in this order because it affects the issue of whether discovery should be extended.

In fact, plaintiff's disclosures for Mr. Frederick were untimely. This is so because the deadlines set forth in Rule 26(a)(2)(C) apply only if the court has not ordered otherwise. In the case at bar, I have explicitly ordered otherwise. At the outset, after the attorneys met and proposed a schedule, I adopted their proposed

deadlines for Rule 26(a)(2) disclosures (which were different from the deadlines set forth in Rule 26(a)(2)(C)), and I made clear that there would be no 30-day rebuttal period for expert testimony. The scheduling order provided:

> The deadlines established by this order for disclosures under Federal Rule of Civil Procedure 26(a)(2) abrogate the deadlines set forth in Rule 26(a)(2)(C) and thus apply regardless of whether proposed testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). Leave of court must be sought, for good cause, prior to addition of testimony for which timely disclosures were not made, even if the testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B).

Scheduling and Mediation Order entered September 27, 2004 (document 14) ¶6. The sole purpose of this paragraph was to preclude the very argument now being advanced by plaintiff.

This is a provision I include in the scheduling and mediation order in almost every case. I do so for three reasons.

First, the parties' proposed expert disclosure schedule usually makes no provision for a 30-day rebuttal period. That was true, for example, in the case at bar. The Rule 26(a)(2)(C) deadlines apply only in the absence of a schedule established by the court. When, as here, the parties propose and I adopt an expert disclosure schedule, the Rule 26(a)(2)(C) deadlines are simply not applicable.

When, as here, the parties propose and I adopt a schedule that does not include a rebuttal period, there is no rebuttal period.  One reason for including in the scheduling and mediation order the paragraph quoted above is to avoid any question about this and to notify the plaintiff in no uncertain terms that he cannot hold back his expert disclosures.

Second, although the rebuttal period in Rule 26(a)(2)(C) makes sense under the approach adopted by that rule, that is not true under the alternative approach usually proposed by the parties themselves.  The schedule established by Rule 26(a)(2) treats plaintiffs and defendants identically, requiring both sides to make their first Rule 26(a)(2) disclosures simultaneously, and then giving each side a 30-day rebuttal period.  At least in this district, however, the parties usually propose (and I therefore usually adopt) a successive schedule, under which plaintiff makes Rule 26(a)(2) disclosures first, and defendant makes disclosures some period (usually 30 days) later.  That is what happened in the case at bar.  When disclosures are successive, with the intent or requiring plaintiff to go first, it makes little sense to provide the plaintiff (but obviously not the defendant) another 30-day disclosure window.  Thus, in the absence of a request by the parties for an additional rebuttal period for the plaintiff, I do not provide one.

Third, a rebuttal period in a sequential disclosure schedule could be used by an unscrupulous plaintiff's attorney to sandbag the defendant.  In most cases in

which expert testimony will be important, a defendant will have one or more experts.  In most such cases, plaintiff also will have one or more experts, and they will usually address the same subjects as defendant's experts.  If a plaintiff were really required to make disclosures only within 30 days after defendant's disclosures, an unscrupulous plaintiff could sit back and wait, in effect forcing defendant to go first, precisely contrary to the intent of the schedule proposed by the parties at the outset.  While there is no reason to believe that this is what happened here, my experience has been that the rebuttal period is a source of frequent conflict and occasional abuse; it was precisely this problem that led to inclusion in the scheduling and mediation order of a provision intended to avoid this issue.

In sum, plaintiff's disclosures with respect to Mr. Frederick were untimely.

This does not mean, however, that Mr. Frederick's testimony should be excluded.  Giving plaintiff the benefit of every doubt, and cognizant of the presumption against excluding evidence based on a failure to make disclosures or discovery that was harmless, I conclude that the violation should be cured, if possible, without exclusion of the testimony.  Defendant will be granted leave to conduct discovery after the discovery deadline, and until two weeks prior to the pretrial conference, to the extent caused by plaintiff's failure to make timely disclosures for Mr. Frederick or any other expert or by plaintiff's failure to provide

timely discovery in any other respect.

The general discovery deadline will be extended 30 days as jointly requested. The general discovery deadline will not, however, be extended again. And plaintiff should take note: all incomplete Rule 26(a)(2) disclosures should be completed immediately, and all outstanding discovery should be provided immediately.

For these reasons,

IT IS ORDERED:

1. Defendant's motion to extend the discovery deadline (document 36) is GRANTED IN PART. The discovery deadline is extended to May 24, 2005.

2. Defendant is granted leave to conduct at any time prior to the pretrial conference the deposition of (a) any expert for whom plaintiff failed to make complete and timely disclosures, and (b) any other witness if the need or advisability of conducting the deposition was first disclosed by untimely Rule 26(a)(2) disclosures, expert depositions that were delayed by untimely Rule 26(a)(2) disclosures, or other discovery that was delayed by plaintiff's failure to make timely discovery.

3. For purposes of determining other deadlines (including mediation and dispositive motions deadlines) that are calculated by reference to the discovery deadline, the discovery deadline shall be deemed May 24, 2005. The deadline for

commencing mediation thus is June 7, 2005.  The deadline for filing potentially dispositive motions remains June 13, 2005.

    SO ORDERED this 8th day of May, 2005.

s/Robert L. Hinkle  
Chief United States District Judge
